Electronically Filed
8/14/2015 10:44:12 AM
Hidalgo County District Clerks
Reviewed By: <<Name>>

CAUSE NO. C-4237-15-B

| | | |
|---|---|---|
| MELISSA FLORES ZUNIGA | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| GREAT LAKES REINSURANCE | § | |
| (U.K.) PLC | § | HIDALGO COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff MELISSA FLORES ZUNIGA, files this Original Petition against GREAT LAKES REINSURANCE (U.K.) PLC ("GREAT LAKES" or the "INSURANCE DEFENDANT"), and in support thereof, would show as follows:

**I.**
**DISCOVERY CONTROL PLAN LEVEL**

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

**II.**
**PARTIES AND SERVICE**

Plaintiff resides in Hidalgo County, Texas.

Defendant GREAT LAKES is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

EXHIBIT A

Electronically Filed
8/14/2015 10:44:12 AM
Hidalgo County District Clerks
Reviewed By: <<Name>>

- The making and issuing of contracts of insurance with the Plaintiff;
- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;
- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and
- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by its chief executive officer, Phillip J. Ruperti at 1177 Avenue of the Americas, New York, New York 10036, or wherever else he may be found.

## III.
## JURISDICTION AND VENUE

Venue is appropriate in Hidalgo County, Texas because all or part of the conduct giving rise to the causes of action were committed in Hidalgo County, Texas and the Plaintiff and property which is the subject of this suit are located in Hidalgo County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
## FACTS

Plaintiff is the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at 7728 Villa Roma Street, Mission, Texas 78572 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same

Electronically Filed
8/14/2015 10:44:12 AM
Hidalgo County District Clerks
Reviewed By: <<Name>>

pursuant to the terms of the Policy. Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS.

Electronically Filed
8/14/2015 10:44:12 AM
Hidalgo County District Clerks
Reviewed By: <<Name>>

CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

Electronically Filed
8/14/2015 10:44:12 AM
Hidalgo County District Clerks
Reviewed By: <<Name>>

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

## V.
## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

### A. BREACH OF CONTRACT

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

#### 1. UNFAIR SETTLEMENT PRACTICES

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this

EXHIBIT A

Electronically Filed
8/14/2015 10:44:12 AM
Hidalgo County District Clerks
Reviewed By: <<Name>>

article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

**2. THE PROMPT PAYMENT OF CLAIMS**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

Electronically Filed
8/14/2015 10:44:12 AM
Hidalgo County District Clerks
Reviewed By: <<Name>>

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### C. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI. KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by INSURANCE DEFENDANT as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VII. DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

Electronically Filed
8/14/2015 10:44:12 AM
Hidalgo County District Clerks
Reviewed By: <<Name>>

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of INSURANCE DEFENDANT'S mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals

Electronically Filed
8/14/2015 10:44:12 AM
Hidalgo County District Clerks
Reviewed By: <<Name>>

and/or the Supreme Court of Texas.

**VIII.**

In addition, as to any exclusion, condition, or defense pled by INSURANCE DEFENDANT, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the INSURANCE DEFENDANT violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, INSURANCE DEFENDANT is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

**IX.**
**REQUEST FOR DISCLOSURES**

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that INSURANCE DEFENDANT provide the information required in a Request for Disclosure.

Electronically Filed
8/14/2015 10:44:12 AM
Hidalgo County District Clerks
Reviewed By: <<Name>>

**C-4237-15-B**

**X.**

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

**XI.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that INSURANCE DEFENDANT be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against INSURANCE DEFENDANT for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

EXHIBIT A

Electronically Filed
8/14/2015 10:44:12 AM
Hidalgo County District Clerks
Reviewed By: <<Name>>

**C-4237-15-B**

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone: (210) 490-7402
Facsimile: (210) 490-8372

BY: */s/Kevin S. Baker*
Kevin S. Baker
State Bar No. 00797799
kevin@krwlawyers.com
Mahsa Tajipour
State Bar No. 24050163
mahsa@krwlawyers.com

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF REQUESTS A TRIAL BY JURY**

EXHIBIT A